## No. 321
## STRONG v. STRONG
### Ohio Court of Appeals, Lorain County
### No. 223. Feb. 16, 1923
This opinion has not been published except in Abstract.

**TRUST**—(1) Statute of Limitation does not apply to a continuing and subsisting trust—(2) A trust deed will be reformed where it appears that the intention of the parties was not properly expressed therein.

PARDEE, J.

### Epitomized Opinion

This is an action by Carroll R. Strong against his father for an accounting for rents and profits on a valuable 320 acre farm in the State of Washington. The suit was based upon a deed from the plaintiff's grandfather, who was also the father-in-law of the defendant. One of the terms of this deed provided that the consideration was paid by Jarvis A. Strong (the father) as trustee for Carroll Strong, and recited that the deed was made to the father as trustee to be held in trust by him until the plaintiff arrived at the age of 25 years, and reserving to the grantor a life estate. The defendant filed an answer asking for reformation of the deed for the reason that it did not conform to the agreement whereby the defendant was to have the income of said property from time of the grantor's death until plaintiff reached the age of 25 years. To this answer plaintiff filed a reply containing a denial and setting up the Statute of Limitations of ten years. The defendant offered in evidence two other deeds made between the same parties at the same time which provided that the defendant was to have the income until the boy reached the age of 25 years, and also the testimony of a stenographer and an attorney which was to the same effect. The trial court found in favor of plaintiff. Defendant prosecuted error. The court of appeals in reversing the judgment of the court below held:

1. As the defendant was a trustee of a continuing and subsisting trust, the Statute of Limitations did not apply.

2. As the intention of the grantor was to give the use and income of the farm to defendant after his death until plaintiff reached age of 25, the judgment of the trial court with reference to reforming the deed is manifestly against the weight of the evidence.

**Attorneys**—L. B. Fauver and H. C. Cheney, for Jarvis Strong; Webber, Webber & Metcalf, for Carroll Strong.

---

## No. 322
## SUMMIT-CHERRY CO. v. MILLROOD
### Ohio Court of Appeals, Lucas County
### No. 87626. March 26, 1923
This opinion has not been published except in Abstract.

**PERJUDICIAL ERROR**—(1) Error in striking parts of pleading from file—(2) Excessive verdict.

CHITTENDEN, J.

### Epitomized Opinion

This is an action by Millrood to recover damages for an alleged conversion of certain office furniture and equipment contained in his office in an office building belonging to the defendant company. The petition alleged that plaintiff was a tenant occupying rooms 210 and 214, under separate leases, which he used in his profession as an optometrist, and that the defendant wrongfully removed certain furniture from these offices. The action was based upon the occupancy of room 210 only. The defendant set up in its answer the terms of both leases and alleged with reference to the lease on room 214 that it contained a chattel mortgage clause which gave to the lessor the right to retain the furniture and other property in the room for unpaid installments of rent. Upon motion, all the terms of the lease which related to room 214 were struck out. Defendant then filed an amended answer. The evidence disclosed that the defendant had not paid his rent for some months and that one night during his absence, without notice, his furniture was removed from the offices, by the defendant, and held by it. As the jury found for the plaintiff in the sum of $4,192.33, defendant prosecuted error. The court of appeals held:

1. As the evidence of the terms of the lease on room 214 was clearly competent and bore directly, not only upon the intent with which the defendant was acting in taking possession of all the goods, but also upon the legal effect of a refusal to redeliver the goods to the plaintiff upon a demand being made, the defendant's rights were not prejudiced by the court's order to strike from the files the allegations in its answer that related to the terms of the lease of 214.

2. The amount of the verdict and judgment is excessive and is not supported by the weight of the evidence.

Judgment reversed.

**Attorneys**—Tracy, Chapman & Welles and Miller & Wall, for Cherry Co.; Smith, Beckwith, Ohlinger & Froehlich, for Millrood.